**UNITED STATES of America,**
**Appellee,**

v.

**SCHUPPER MOTOR LINES, INC., and Sidney S. Schupper, Defendants-Appellants.**

**No. 201, Docket 25283.**

United States Court of Appeals
Second Circuit.

Argued Dec. 9, 1958.

Decided Jan. 28, 1959.

Harold Harper, of Harper & Matthews, New York City (Ben A. Matthews, of Harper & Matthews, and Samuel Newfield, New York City, on the brief), for defendants-appellants.

Donald H. Shaw, Asst. U. S. Atty., S. D. N. Y., New York City (Arthur H. Christy, U. S. Atty., and George I. Gordon, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

CLARK, Chief Judge.

Schupper Motor Lines, Inc., and Sidney S. Schupper, its president, appeal from judgments of conviction entered after a trial before Judge Dimock, a jury having been waived. Appellant corporation was convicted on sixty-one counts charging violations of 49 U.S.C. § 317(b), which prohibits a carrier from charging or receiving greater or less compensation "for transportation or for any service in connection therewith" than that specified in its filed tariffs. Schupper was convicted of aiding and abetting these violations.

The case arises out of appellants' transportation in early June 1952 of sixty-one truckloads of perishable biscuits from the strikebound Long Island plant of Sunshine Biscuits, Inc., to Baltimore, Maryland. After pickets had blocked several attempts of Sunshine to remove its biscuit stock from the plant, an executive of that company approached appellant Schupper. Schupper offered to move the goods for $1,000 cash per shipment over and above the tariff rate; and on June 9, 10, 11, and 12, although some violence and damage to equipment occurred, appellants transported all of the goods out of the plant and to an agreed destination in Baltimore. As the information against appellants was filed July 12, 1957, only Sunshine's final payment of $1919.49, received by the carrier on July 16, 1952, is within the applicable statute of limitations. 18 U.S.C. § 3282. This payment was shown, however, by the introduction into evidence of the carrier's office copy of a freight bill charging Sunshine $1919.49 for "extra services & costs in connection with transporting 61 loads" during the strike, to relate to all sixty-one shipments. And there is no dispute on this appeal that the total sum received by the carrier on each shipment is far in excess of the filed rates.

■■ Appellants' first contention is that, while the letter of the statute under which they were convicted may cover their conduct, it was not its purpose to extend to such incidents. Admittedly, the Interstate Commerce Act was aimed primarily at protecting shippers from discriminations in rates. But 49 U.S.C. § 317(b) is specific in its prohibition of a "greater" as well as "less or different" charge, and thus supplements specific remedies for overcharges as well. 49 U.S.C. § 304a; cf. 49 U.S.C. §§ 16(3), 908, 1006a. "The act made it the duty of carriers subject to its provisions to charge only just and reasonable rates." Texas & Pac. Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 437, 27 S.Ct. 350, 354, 51 L.Ed. 553. Accordingly, proof of actual discrimination is not necessary in actions under the section. Cf. Armour & Co. v. Atchison, T. & S. F. Ry. Co., 7 Cir., 254 F.2d 719, certiorari denied Atchison, T. & S. F. Ry. Co. v. Armour & Co., 358 U.S. 840, 78 S.Ct. 63, 3 L.Ed.2d 75; I. C. C. v. North Pier Terminal Co., 7 Cir., 164 F.2d 640, certiorari denied North Pier Terminal Co. v. I. C. C., 334 U.S. 815, 68 S.Ct. 1071, 92 L.Ed. 1746.

■ Appellants further contend that the district court erred in treating each truckload as a separate offense. Section 317(b), 49 U.S.C., deals with the demand or receipt by a carrier of a sum at variance with its tariff as compensation for transportation or service in connection therewith. The unit of offense under the section is not each payment or each vehicle; its scope is coextensive with the transaction that the illegal charge consummates. Cf. Standard Oil Co. of Indiana v. United States, 7 Cir., 164 F. 376, certiorari denied United States v. Standard Oil Co., 212 U.S. 579, 29 S.Ct. 689, 53 L.Ed. 659; United States v. Standard Oil Co. of New York, D.C.W.D. N.Y., 192 F. 438; and United States v. Vacuum Oil Co., D.C.W.D.N.Y., 158 F. 536, affirmed Standard Oil Co. of New York v. United States, 2 Cir., 179 F. 614, certiorari denied 218 U.S. 681, 31 S.Ct. 229, 54 L.Ed. 1207, interpreting the sim-

862

ilar Elkins Act, 49 U.S.C. § 41(1). Here, to support the district court's general finding of appellants' guilt on sixty-one counts there is ample evidence that the parties treated each truckload as a separate transaction. Although all sixty-one shipments were pursuant to a single agreement between Schupper and Sunshine, the agreed price related specifically to each truckload, and separate documents were made for each.

■ Appellants' remaining claims of error are without merit. Their objection below to the receipt in evidence of the carrier's office copy of a freight bill charging Sunshine $1919.49 for "extra services & costs in connection with transporting 61 loads from your plant during the strike" was solely on the ground that the bill had not been sent out. Hence they will not be heard now as to other grounds, doubtless correctible on adequate warning, that they were improperly received as an extrajudicial admission and as a regular business entry. United States v. Sansone, 2 Cir., 231 F. 2d 887, 891, certiorari denied Sansone v. United States, 351 U.S. 987, 76 S.Ct. 1055, 100 L.Ed. 1500; 1 Wigmore, Evidence 339-340 (3d Ed. 1940). The "Impracticability of Operation" clause of the carrier's tariff [1] gave the carrier only a right to refuse to enter the strikebound plant, not a right to declare such transportation an operation separate from the remainder of the journey and thus outside the rate restrictions included in the tariff. Moreover, Judge Dimock disbelieved the testimony that an attempt was made to divide the transportations into two segments. And the information's charge that appellants departed from the "tariffs of said carrier on file with the Interstate Commerce Commission" adequately states the interstate character of the transportation involved in the illegal transaction.

Affirmed.

[1]. "Where strikes, picketing, riots or other labor disturbances * * * make it impracticable, unsafe or impossible to render collection or delivery service, *such service will not be given.*"